UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL VAZQUEZ, individually and doing business as Slappy's Burgers and Brews,<br><br>Defendant. | Case No.: 21-cv-00263-H-WVG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND**<br><br>[Doc. Nos. 23, 25.] |

On February 12, 2021, Plaintiff G & G Closed Circuit Events, LLC ("Plaintiff") filed a complaint against Defendant Rafael Vazquez, individually and doing business as Slappy's Burgers and Brews ("Defendant") for violations of federal and California law. (Doc. No. 1.) On December 10, 2021, the Court granted Plaintiff's motion for default judgment and awarded $5,720 in statutory damages and $2,860 in compensatory damages to the Plaintiff. (Doc. No. 19 or the "Order.") Plaintiff subsequently filed a motion for attorneys' fees (Doc. No. 23) and a motion to alter or amend the Court's Order (Doc. No. 25). To date, Defendant has not appeared before the Court and the Court has not received an opposition to either of Plaintiff's pending motions. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determined that these matters are appropriate for resolution

1

without oral argument and submitted the motions on the parties' papers. (Doc. No. 27.) For the reasons that follow, the Court grants Plaintiff's motion for attorneys' fees and denies Plaintiff's motion to alter or amend the Court's Order.

## BACKGROUND

This dispute revolves around the broadcast rights to the Ryan Garcia v. Francisco Fonseca Championship Fight Program (the "Program"). (Order at 2.) Plaintiff owns the exhibition rights to the Program and licensed it to various commercial establishments. (Id.) Plaintiff alleged that Defendant unlawfully intercepted and exhibited the Program at Slappy's Burgers and Brews without Plaintiff's authorization. (Id.)

On February 12, 2021, Plaintiff filed a complaint against Defendant, alleging claims for: (1) the violation of 47 U.S.C. § 605; (2) the violation of 47 U.S.C. § 533; (3) conversion; and (4) the violation of California Business and Professions Code § 17200, *et seq*. (Id.) On July 22, 2021, Plaintiff moved for default judgment against Defendant in the amount of $36,440. (Id.)

The Court concluded that Plaintiff's motion satisfied the requirements for a default judgment under Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). (Id. at 4-6.) In the Court's discretion, it concluded that $5,720, double the licensing fee of the Program, was an appropriate award of statutory damages. (Id. at 7.) The Court declined to award enhanced statutory damages under 47 U.S.C. § 605(e)(3)(C)(ii) on the basis that Plaintiff failed to plead factual allegations that warranted such damages. (Id. at 7-8.) Finally, the Court awarded $2,860, the amount of the licensing fee, in compensatory damages on Plaintiff's conversion claim. (Id. at 8.)

## DISCUSSION

### I.   Motion for Attorneys' Fees

Plaintiff moves for $5,440.20 in attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). This provision states that a court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails" on its

2

Section 605 claim. In support of its motion, Plaintiff submitted a declaration and an itemized billing record of attorneys' fees. (Doc. No. 23-1.) The Court must determine whether the attorneys' fees requested are reasonable.

The Court applies the "lodestar" method to determine whether the attorneys' fees sought by the Plaintiff are reasonable. See, e.g., G & G Closed Circuit Events, LLC v. Garcia Pacheco, 2019 WL 3388362, at *2 (S.D. Cal. 2019); DIRECTV, Inc. v. Atwal, 2005 WL 1388649, at *2 (E.D. Cal. 2005). "Under the lodestar method, the district court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013) (internal quotation omitted). The Court may "exclude those hours for which it would be unreasonable to compensate the prevailing party." Id. at 1203 (citation omitted). The product of this computation (the "lodestar figure") is a presumptively reasonable fee. Id.

Plaintiff's counsel attests that he billed 5.65 hours at a rate of $550.00 per hour ($3,107.50), his administrative assistant billed 7.57 hours at a rate of $110.00 per hour ($832.70), and his research attorney billed 5 hours at a rate of $300.00 per hour ($1,500) for a total of 18.22 billable hours at total cost of $5,440.20. (Doc. No. 23-1 at 3, 7-10.)[1] Upon review of the billing records, the Court is satisfied that the time billed by Plaintiff's counsel and his colleagues was reasonably necessary to the proper prosecution of this case. The Court is also satisfied that the hourly rates charged by Plaintiff's counsel and his colleagues are reasonable for this geographic area considering counsel's experience, specialty in commercial signal piracy claims, and reputation. (Doc. No. 23-1 at 2-3.)

Once the Court reaches the lodestar figure, it may adjust the award upward or downward based on the Kerr factors.[2] Gonzalez, 729 F.3d at 1202 (citation omitted). The

---

[1] Plaintiff's counsel excluded time spent on Plaintiff's amended motion for default judgment and motion to alter or amend. (Id. at 8-9.)

[2] The Kerr factors include the following: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service

Court concludes that no adjustment to the lodestar figure is warranted. Plaintiff's counsel's fee is reasonable considering the prevailing rate in this district for attorneys of his experience and specialty. See Youngevity Int'l, Corp. v. Smith, 2018 WL 2113238, at *5 (S.D. Cal. 2018). The Court notes that several district courts have found Plaintiff's counsel's rates and fees to be appropriate in analogous cases. See, e.g., Garcia Pacheco, 2019 WL 3388362, at *2; G & G Closed Circuit Events, LLC v. Espinoza, 3:20-cv-2114-GPC-WVG, Doc. No. 16 (S.D. Cal. Dec. 6, 2021); G & G Closed Circuit Events, LLC v. Zarazua, 3:20-cv-988-DMS-MDD, Doc. No. 13 (S.D. Cal. July 20, 2021); G & G Closed Circuit Events, LLC v. Sanchez, 3:18-cv-382-WQH-KSC (S.D. Cal. Nov. 28, 2018). Accordingly, the Court concludes that an award of $5,440.20 in attorneys' fees is reasonable and warranted.

## II. Motion to Alter or Amend the Court's Judgment

Federal Rule of Civil Procedure 59(e) gives district courts the power to reconsider a previous ruling or entry of judgment. Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Thus, "a motion for reconsideration should not be granted, absent highly unusual circumstances." Id. (citation omitted). Rule 59(e) motions are only granted in the rare case where "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir.

---

properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

2011) (citation omitted). A Rule 59(e) motion "may not be used to relitigate old matters[.]" Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5. (2008) (internal citation omitted); see also Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001) (Rule 59(e) motion may not be used get a "second bite at the apple"). Plaintiff moves this Court to alter or amend its judgment on the basis that the Court committed clear error when it did not award enhanced statutory damages. To establish clear error or manifest injustice, the reviewing court must be "left with the definite and firm conviction that a mistake has been committed." Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013) (quoting U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

A court may award enhanced statutory damages for violations of 47 U.S.C. § 605 pursuant to Section 605(e)(3)(C)(ii). That provision states:

> (ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a).

Plaintiff asserts that the Court erred in its application of this provision. First, Plaintiff argues that the Court erred in finding an absence of financial gain. Plaintiff highlights the Court's observation that the Plaintiff "failed to present evidence showing that Defendant's broadcast of the Program was done for significant private financial gain." (Doc. No. 25 at 5.) Plaintiff asserts that the Court inserted "significant" into its reading of the statutory requirement for enhanced damages, and as a result, it erred by concluding there was no financial gain on which to award enhanced damages. But Plaintiff misreads the Court's opinion. Section 605(e)(3)(C)(ii) provides the Court with discretion to award enhanced damages. Plaintiff's failure to show that Defendant violated Section 605 for "significant" private financial gain was one factor that the Court considered in its discretion. This factor weighed against an award of enhanced damages. The Court did not consider "significant" private financial gain to be a statutory prerequisite for enhanced damages; rather, the Court considered it to be a relevant factor in its discretion.

Second, Plaintiff asserts that the Court erred by not addressing whether the Defendant acted "for purposes of direct or indirect commercial advantage." (Id. at 4-5.) The Court agrees that it may award enhanced damages in its discretion upon a finding that the Defendant willfully committed a violation of Section 605 for purposes of direct or indirect commercial advantage. But the Court did not decline to award enhanced damages on the basis that the Section 605(e)(3)(C)(ii) requirements were not met. The Court based its discretionary decision not to award enhanced damages on its review of the alleged facts.

Third, Plaintiff faults the Court for citing to Kingvision Pay-Per-View, Ltd. V. Backman, 102 F. Supp. 2d 1196 (N.D. Cal. 2000) for the proposition that the "mere assertion that [the defendant] acted willfully is insufficient to justify enhanced damages." Plaintiff argues that Backman is distinguishable because Plaintiff proved that the Defendant acted willfully through more than a "mere assertion." (Doc. No. 25 at 8-9.) Plaintiff also argues that the Court erred when it considered G & G Closed Cir. Events, LLC v. Nguyen, 2012 WL 2339699 (N.D. Cal. 2012) to be instructive. Plaintiff asserts that the Court replaced the statutory requirements of Section 605(e)(3)(C)(ii) with the commentary of the court in the Nguyen opinion. In both arguments, Plaintiff conflates the Court's discretionary award analysis with the statutory requirements. The Court cited Backman and Nguyen as instructive on whether enhanced damages should be awarded in the Court's discretion, and not as a replacement, or even a supplement, to the statutory requirements of Section 605(e)(3)(C)(ii).

Finally, Plaintiff suggests that the Court should reconsider its decision not to award enhanced damages. (Doc. No. 25 at 6-10.) But Plaintiff fails to show any legal error. Plaintiff reiterates that Defendant displayed the Program on seven 65-inch televisions, but the Court considered this factor in its initial opinion. (Order at 7.) Plaintiff cites to several cases in which courts awarded or recommended enhanced damages. See, e.g., J & J Sports Productions, Inc. v. Marcaida, 2011 WL 2149923 (N.D. Cal. 2011); J & J Sports Productions, Inc. v. Olivares, 2011 WL 587466 (E.D. Cal. 2011); J & J Sports Productions,

Inc. v. Coria, 2015 WL 1089044 (N.D. Cal. 2015). However, these opinions do not indicate that the Court's award was in error. "Courts in this circuit have granted widely varying awards ranging from near the minimum statutory award of $1,000 to near the maximum of $110,000, depending on such factors as the capacity of the establishment, the number of patrons in attendance, and whether a cover charge was required for entrance." Marcaida, 2011 WL 2149923, at *3. The Court's total damages award, three times the Program's broadcast fee, is similar to awards issued by other courts in analogous circumstances. See, e.g., id. at *4; J & J Sports Productions, Inc. v. Sergura, 2014 WL 1618577 (N.D. Cal. 2014). Notably, other courts have awarded less in their discretion. See, e.g., Universal Sports Network, Inc. v. Jimenez, 2002 WL 31109707 (N.D. Cal. 2002).

Plaintiff fails to show that the Court's decision was in error. Accordingly, the Court denies Plaintiff's motion to alter or amend its Order.

## **CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's motion for attorneys' fees and awards $5,440.20 in attorneys' fees to the Plaintiff. The Court denies Plaintiff's motion to alter or amend the Court's previous Order.

**IT IS SO ORDERED.**

DATED: February 7, 2022

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT